Per Curiam.

Plaintiffs were the owners of two lots in Richmond County. The city defendant, proposed to open Wentworth Avenue from Seaside Boulevard to Franklin D. Roosevelt Boardwalk. The Board of Estimate authorized the acquisition of title to the real property needed and directed that the cost of acquiring this property he assessed against the property owners to he benefited. Plaintiffs’ lots were in the area of assessment and so assessed. Thereafter the city decided to *467 make a park in the area and plaintiffs’ lots were condemned for the park. An award was made. This was paid to plaintiffs but in paying the city deducted the amount of the assessment previously levied for the street opening. The complaint seeks the recovery back of this assessment.
There are two general procedures involved in the creation of a new street. The first is the acquisition of the necessary realty and the second is the building of the roadway. The city is empowered to place the cost of both procedures on the abutting properties in the proportion that they benefit from the improvement. (N. Y. City Charter, §§ 291, 307.) Separate assessments are made on the completion of each of the steps and naturally as the acquisition of the land must precede the building of the roadway that expense is ascertained and the assessment is levied prior to the building of the roadway. The land is acquired by condemnation and upon entry of the judgment the city becomes the owner of the property. (iST. Y. City Administrative Code, § B15-36.0.) The amounts of the assessment are established in the same proceeding.
At that point the properties assessed are deemed to be improved to the degree that the progress of constructing a street has advanced. A property owner now has a lot or lots which in regular course will front on a highway. It is obvious that such a lot has a greater value than it had before the proposed street was projected.
When plaintiffs’ lots were condemned for the park, their value was fixed in the situation which the lots then were — namely, property improved to the extent that a roadway in the assessment area had been brought to that stage of completion. And the award presumably reflected that value. Whether in fact it did is now beyond the realm of inquiry as the judgment in condemnation is final, and the presumption conclusive. Plaintiffs are therefore in the exact position of an owner who has sold his property for a price which reflected its enhanced value by virtue of the progress of a contemplated improvement. It is immaterial to him that the improvement has not materialized and in all probability never will.
Accordingly, they have not been damaged by the assessment and their complaint should be dismissed.
The order should be reversed, with $10 costs, and motion for summary judgment for defendant granted.
Concur — Steuer, J. P., Hofstadter and Aurelio, JJ.
Order reversed, etc.